IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES TAYLOR                                                                                       PETITIONER

VS.                                                           CIVIL ACTION NO. 3:11cv215-DPJ-FKB

JESSE JAMES STREETER                                                                RESPONDENT

**REPORT AND RECOMMENDATION**

This cause is before the Court on the petition for writ of habeas corpus filed by James Taylor and Respondent's motion to dismiss the petition as untimely. Petitioner has failed to respond to the motion. Having considered the motion, the undersigned recommends that it be granted and the petition be dismissed with prejudice.

Petitioner was convicted in the Circuit Court of Copiah County, Mississippi of one count of sale of a controlled substance within 1500 feet of a school. He was sentenced to serve a term of 60 years. The Mississippi Court of Appeals affirmed Taylor's conviction and sentence on June 22, 1999. Turner failed to seek discretionary review in state court by filing a petition for rehearing. He filed his § 2254 petition with this Court on or after April 5, 2011.[1]

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under § 2254:

---

[1]Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Thus, Taylor's petition was "filed" sometime between the date it was signed, April 5, 2011, and the date it was received and filed by the district court, April 13, 2011.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because Taylor ended his appeal process by failing to seek review of the court of appeals' decision, his conviction became final when his time for seeking review expired. 28 U.S.C. § 2244(d)(1)(A); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Under Miss. R. App. P. 40(a), Petitioner had 14 days after the entry of judgment by the court of appeals in which to seek further review by filing a petition for rehearing. Thus, his conviction became final on July 6, 1999 (14 days after June 22, 1999), and his one-year limitations period began to run on that day. He had one year from that date, or until July 6, 2000, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief was

pending in the state court. Petitioner failed to file any state court application for post-conviction relief prior to July 6, 2000. Thus, Taylor's period for filing a habeas petition expired on or before July 6, 2000, and his habeas petition is untimely.[2]

For these reasons, the undersigned recommends that the motion to dismiss be granted and the petition be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within 14 days of being served with a copy hereof will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 31st day of August, 2011.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE

---

[2] In the portion of his petition in which he is directed to address the issue of timeliness, Taylor argues that his sentence was illegal under *Apprendi v. New Jersey*, 466 U.S. 530 (2000). Taylor may be attempting to argue that his one-year period should be calculated from the date the *Apprendi* decision was handed down, June 26, 2000, pursuant to § 2244(d)(1)(C). Obviously, use of this date from which to calculate the one-year period would not render Taylor's petition timely.