UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JAMES TAYLOR                                                                    PETITIONER

VS.                                                    CIVIL ACTION NO.: 3:11-cv-215-DPJ-FKB

JESSE JAMES STREETER                                                            RESPONDENT

ORDER

This action is brought by a state prisoner pursuant to 28 U.S.C. § 2254.  The United States Magistrate Judge F. Keith Ball entered a report and recommendation [8] concluding that James Taylor's petition for writ of habeas corpus [1] was untimely and recommending dismissal. Presently before the Court is Taylor's objection [9] to the report and recommendation.  For the reasons stated herein, the Court adopts the report and recommendation and finds that Taylor's petition is dismissed.

I.      Facts/Procedural History

Taylor was convicted in the Circuit Court of Copiah County, Mississippi, of one count of selling cocaine within 1500 feet of a school and sentenced to 60 years' imprisonment.  Taylor sought review of his conviction and sentence by the Mississippi Court of Appeals, which affirmed the Circuit Court's judgment on June 22, 1999.  Taylor declined to seek further state-court direct review through a petition for rehearing by the appellate court or a petition for certiorari from the state Supreme Court.  Taylor filed an application for post-conviction relief in the Mississippi Supreme Court on June 10, 2002, which was denied on October 4, 2002.  Taylor filed a second state-court application for post-conviction relief on December 21, 2010, which was denied on January 26, 2011.

Taylor filed the present petition on or about April 5, 2011.[1]  After the Mississippi Attorney General moved to dismiss the petition as untimely [7], Magistrate Judge Ball entered a report and recommendation [8] that the petition be dismissed.  Taylor objected to the Magistrate Judge's report and recommendation [9].

II.     Analysis

The issue is the timeliness of Taylor's petition.  The filing of a petition for writ of habeas corpus under 28 U.S.C. § 2254 is subject to a one-year statute of limitation under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] A prisoner's *pro se* federal habeas petition is considered "filed" the day it is delivered to prison officials for mailing to the court.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998)).  Because Taylor's petition was signed on April 5, 2011, and received by the Court Clerk on April 13, 2011, the Court assumes it was delivered to prison officials on April 5, 2011.

28 U.S.C. § 2244(d) (2006).

The Magistrate Judge correctly found Taylor's petition was untimely under § 2244(d). Taylor's conviction was final on July 6, 1999—when his time expired for seeking review of the June 22, 1999, Mississippi Court of Appeals decision affirming his conviction and sentence. *See* Miss. R. App. P. 40(a) (allowing 14 days after the entry of a decision to seek review by filing petition for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (conviction is final for purposes of § 2244(d)(1)(A) after expiration of time for seeking direct review). Under § 2244(d)(1)(A), the one-year statute of limitations accrued that day, giving Taylor until July 6, 2000 to file his federal habeas petition. Because he declined to file an application for state post-conviction or other collateral review *before the one-year period expired*, but waited instead until June 10, 2002, Taylor's time to file his federal habeas petition was not tolled under §2244(d)(2). *See Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998) ("Under the plain language of §2244(d)(2), any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation."); *see also Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853–54 (8th Cir. 2003). Thus, the Court agrees with the Magistrate Judge that Taylor's April 5, 2011, habeas petition is untimely under § 2244(d) and should be dismissed.

Taylor objects to the Magistrate Judge's determination, arguing that the § 2244(d) "procedural bar" does not prevent the Court from considering a prisoner's claim of being held in violation of his 6th, 8th and 14th Amendment rights. Pet.'s Objection [9] at 1–2, 4. Because the one-year period in § 2244(d)(1) serves as statute of limitations, not a jurisdictional bar, it can be

equitably tolled in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Rare and exceptional circumstances occur where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407–08 (5th Cir. 2001) (citation omitted). Here, Taylor fails to provide any explanation for his delayed filing. His allegation of being held in violation of his constitutional rights is not, in itself, "rare and exceptional." Even if he had presented an explanation for the Court to evaluate, Taylor would have to account for the nearly 12 years he waited from July 6, 1999 to April 5, 2011 to file his federal habeas petition. *Melancon*, 259 F.3d at 407–08 ("Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief.") (citations omitted) (denying equitable tolling for four month delay). The Court finds no basis for equitable tolling of the statute of limitations for Taylor's federal habeas petition.

Taylor also argues that the United States Supreme Court decision *Apprendi v. New Jersey*, 530 U.S. 466 (2000), rendered his sentence illegal, using that case's June 26, 2000, date to commence the one-year statute of limitations pursuant to § 2244(d)(1)(C) does not save a petition filed almost 11 years later.

Taylor further contends that "the three years statute of limitations" may be waived when a "fundamental constitutional right is implicated" or when "there has been an intervening decision of the Supreme Court of, either, the State of Mississippi, or the United States, which would have actually adversely affected the outcome, of his conviction or sentence, or that, he has evidence not reasonably discoverable, at the time of trial." Pet.'s Objection [9] at 3–4. Taylor cites Miss. Code Ann. § 99-39-5(2) to support this argument, but this three-year statute of

4

limitations and its exceptions apply to post-conviction relief in state court, not federal habeas corpus.  As Taylor seems to acknowledge elsewhere, the AEDPA governs this petition.  *See* Pet.'s Objection [9] at 4.  And in any event, other than the *Apprendi* case decided in 2000 and discussed above, Taylor fails to explain why these exceptions apply in his case.

Finally, Taylor's other "objections" address the substance of his habeas petition but not its dismissal for untimeliness.  *See id.* at 2–3, 5–8.  In summary, the Court has considered Taylor's objections and finds them to be without merit.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge Ball is adopted as the finding of this Court, and the petition is dismissed with prejudice.

A separate judgment will be entered in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 31st day of October, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE